```
IN THE UNITED STATES DISTRICT COURT FOR THE

            EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| RICHARD DARYL DANIEL, | ) | No. CV-F-07-616 OWW/TAG |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| Plaintiff, | ) | DISMISS PLAINTIFF'S SECOND |
| | ) | AMENDED COMPLAINT WITH |
| vs. | ) | PREJUDICE (Doc. 16) |
| | ) | |
| HOLIDAY INN SELECT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Daryl Daniel, proceeding *in pro per*, has filed a Second Amended Complaint. Defendant is Holiday Inn Select. The Second Amended Complaint is based on 42 U.S.C. § 1983 and pendent state law causes of action. The Second Amended Complaint alleges in pertinent part:

> That on or about November 3, 2006, plaintiff was an invited guest on the 9th floor in room number 911 which had been lawfully rented and occupied by Donte Yorel Griggs. Shortly thereafter Defendant initiated a called [sic] to the Bakersfield Police Department requesting their assistance in regards to an allegedly non-hotel guest from entering the establishment on the ground floor entrance.
>
> As a result Plaintiff was ordered from room

1

>           911 and handcuffed for more than 2½ hours and
>           charged with violating penal code section 602
>           (trespassing) all without probable cause.
>           Plaintiff further alleges that defendants
>           [sic] actively engaged in willful and
>           intentional 'joint action' with state actors
>           (Bakersfield Police Officers) in the
>           prohibited acts complained of herein and
>           therefore were acting under 'color of state
>           law' for purposes of section 1983 liability.
>           Plaintiff further alleges that defendants
>           [sic] negligently operated or maintained its
>           security staff given [sic] rise to
>           plaintiff's injuries and damage.
>
>           Plaintiff further alleges that the defendants
>           [sic] are liable under section 1983 which
>           imposes liability upon a person who
>           'subjects' or causes another to the
>           deprivation [sic] of a constitutional right,
>           within the meaning of section 1983, if he
>           does an affirmative act, participates in
>           another's affirmative acts [sic], or omits to
>           perform an act which he is legally required
>           to do that causes the deprivation of which
>           complaint is made.'  See Johnson v. Duffy
>           (1978 9th Cir) 588 F.2d 740.  Plaintiff
>           further alleges that Holiday Inn Select by
>           and through its employees 'jointly engaged
>           with state officials in the prohibited action
>           of 'illegally evicting plaintiff from room #
>           911 [sic].  Plaintiff alleges that defendant
>           (landlord) executed an illegal eviction of
>           the occupants with aid and assistance of
>           significant involvement and assistance from
>           local police.  See Howerton v. Gabica 708
>           F.2d 380 (C.A.Idaho 1983) and Yanaki v.
>           Iomeo, Inc. 415 F.3d 1204.
>
>           Plaintiff further alleges that the False
>           Arrest and False Imprisonment was a [sic]
>           unlawful detention or restraint of his person
>           against his will without boundaries fixed by
>           the defendant.

The First Cause of Action alleges that Defendant violated

Plaintiff's right to be free from unreasonable search and seizure

under the Fourth Amendment in violation of Section 1983.  The

2

Second Cause of Action alleges that Defendant violated Plaintiff's rights secured by the Fourteenth Amendment in violation of Section 1983.  The Third Cause of Action alleges that Defendant violated Plaintiff's right against false arrest.  The Fourth Cause of Action alleges that Defendant violated Plaintiff's right against false imprisonment.  The Fifth Cause of Action alleges that Defendant's acts or omissions "constitutes [sic] General Negligence within the meaning of California Civil Code Section 1714."  Plaintiff prays for an award of $50,000.

Defendant moves to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff has not filed a written opposition to the motion to dismiss and did not appear at the hearing on the motion to dismiss.

**A.  GOVERNING STANDARDS.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).  Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds,*

3

*Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc*, 146 F.3d 699, 705-706 (9th Cir.1988).

      1.   <u>MATTERS OUTSIDE THE PLEADING</u>.

Defendant appropriately requests the Court take judicial notice of the pleadings and orders filed in this action.

Defendant also submits a copy of the Bakersfield Police

4

1  Department report of the incident at the Holiday Inn Select on
2  November 3, 2006.  Defendant asserts that Plaintiff "fails to
3  attach a copy of the police report, a critical document, to his
4  complaint" and argues that the Court may consider the police
5  report without converting the motion to dismiss to a motion for
6  summary judgment.  Defendant asserts that the police report is
7  submitted "in order to provide a complete and accurate picture of
8  the Plaintiff's claim."  Defendant relies on *Parrino v. FHP,*
9  *Inc.*, *supra*, 146 F.3d at 705-706:

> A district court ruling on a motion to
> dismiss may consider documents 'whose
> contents are alleged in a complaint and whose
> authenticity no party questions, but which
> are not physically attached to the
> [plaintiff's] pleading.' ... Although we have
> yet to apply this rule to documents crucial
> to the plaintiff's claims, but not explicitly
> incorporated in his complaint, such an
> extension is supported by the policy concern
> underlying the rule: Preventing Plaintiffs
> from surviving a Rule 12(b)(6) motion by
> deliberately omitting references to documents
> upon which their claims are based ... We
> therefore hold that a district court ruling
> on a motion to dismiss may consider a
> document the authenticity of which is not
> contested, and upon which the plaintiff's
> complaint necessarily relies.

20     Plaintiff's complaint does not necessarily rely on the
21 Bakersfield Police Department report.  The report is merely the
22 version of the incident at the hotel summarized by the Police
23 Department.  As explained in *Lee v. County of Los Angeles*, 250
24 F.3d 668, 690 (9th Cir.2001):

> On a Rule 12(b)(6) motion to dismiss, when a
> court takes judicial notice of another
> court's opinion, it may do so 'not for the

5

>               truth of the facts recited therein, but for
>               the existence of the opinion, which is not
>               subject to reasonable dispute over its
>               authenticity.'

Here, the Police Report is not even similar to that of another court's opinion because it is not a matter of public record, i.e., the Court cannot take judicial notice of the fact of the Police Report. Defendant's request that the Court consider the Police Report is denied because to do so necessarily converts the motion to dismiss to a motion for summary judgment. The Court does not consider the Police Report in resolving the motion to dismiss.

    B.    <u>ADEQUACY OF PLEADING STATE ACTION</u>.

To plead a violation of Section 1983, Plaintiff must plead facts from which it may be inferred that Defendant deprived him of a right secured by the Constitution and acted under color of state law. *See Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir.1989), *cert. denied*, 493 U.S. 1056 (1999). "Whether a private party engaged in state action is a highly factual question ... Crucial is the nature and extent of the relationship between [the Defendant] and [the Bakersfield Police Department]." *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir.2002), *cert. denied*, 537 U.S. 1112 (2003). Three tests have developed to evaluate whether a private actor has engaged in state action. The "joint action" test examines whether private actors are willful participants in joint action with the government or its agents. *Id.*, at 1210. The "symbiotic

relationship' test asks whether the government has so far insinuated itself into a position of interdependence with a private entity that the private entity must be recognized as a joint participant in the challenged activity.  *Id.*  The "public functions" test inquires whether the private actor performs functions traditionally and exclusively reserved to the States. *Id.*

Defendant contends that the allegations of the Second Amended Complaint provide no basis for inferring state action under the "symbiotic relationship" test or the "public functions" test.

As explained in *Brunette*, in a symbiotic relationship:

> [T]he government has 'so far insinuated itself into a position of interdependence (with a private entity) that it must be recognized as a joint participant in the challenged activity.' *Burton*, 365 U.S. at 725 ... In *Burton*, for example, the Supreme Court found state action on the part of a privately-owned restaurant which refused to serve African-American customers. *Id.*, at 716 ... The restaurant was located in a public parking garage, benefitted from the Parking Authority's tax exemption and maintenance of the premises, and in turn, provided the Parking Authority with the income it needed to maintain fiscal viability. *Id.*, at 710-20 ... Although the Parking Authority had no part in the restaurant's discriminatory policies, the Court found that its relationship was one of interdependence; the Parking Authority had placed its power, property, and prestige behind the restaurant's discrimination, and thereby had become a joint participant in that discrimination. *Id.,* at 725.
>
> *Burton* teaches that substantial coordination and integration between the private entity

>and the government are the essence of a symbiotic relationship.  Often significant financial integration indicates a symbiotic relationship ... For example, if a private entity, like the restaurant in *Burton*, confers significant financial benefits indispensable to the government's 'financial success,' then a symbiotic relationship may exist ... A symbiotic relationship may also arise by virtue of the government's exercise of primary control over the private party's actions.  *See Dobyns v. E-Systems, Inc.*, 667 F.2d 1219, 1226-27 (5th Cir.1982)(finding symbiotic relationship where the government controlled a private peacekeeping force engaged in government-directed field mission in the Sinai Peninsula).

294 F.3d at 1213.  With regard to the "public function" test, *Brunette* explains:

>Private activity becomes a 'public function' only if that action has been 'traditionally the exclusive prerogative of the State.' *Rendell Baker*, 457 U.S. at 841 ...; *see also Vincent*, 828 F.2d at 569 (finding repair of fighter jets a traditional function of the government, but not one of its exclusive prerogatives).  If private actors hold elections ..., govern a town ..., or serve as an international peace-keeping force ..., they have been held responsible as state actors.  On the other hand, it private actors educate 'maladjusted' youth ..., or resolve credit disputes, they have not been held to perform an exclusive prerogative of the State, and, thus, they have not been held responsible as state actors.

*Id.* at 1214.

Nothing in the allegations of the Second Amended Complaint permits the inference that Defendant is liable as a state actor under either the "symbiotic relationship" test or the "public functions" test.

With regard to the "joint action" test, *Brunette* explains:

> To be engaged in joint action, a private party must be a 'willful participant' with the State or its agents in an activity that deprives others of constitutional rights ... A private party is liable under this theory, however, only if its particular actions are 'inextricably intertwined' with those of the government ... A conspiracy between the State and a private party to violate another's constitutional rights may also satisfy the joint action test.

294 F.3d at 1211. However, a single request to the police, without more, is insufficient to establish a claim against a private actor pursuant to Section 1983. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir.2003), citing *King v. Massarweh*, 782 F.2d 825, 828-829 (9th Cir.1986), and *Howerton v. Gabica*, 708 F.2d 380, 385 (9th Cir.1983).

The Second Amended Complaint fails to allege any facts that Defendant advocated or instigated Plaintiff's arrest. Rather, the Second Amended Complaint alleges that Defendant initiated a telephone call to the police requesting their response to a disturbance at the hotel. The Second Amended Complaint does not allege that Defendant requested the police detain or arrest Plaintiff. No facts are alleged from which it may be inferred that Defendant regularly relied on police assistance or conspired with the police to effect Plaintiff's arrest.

C. **VIOLATION OF FOURTEENTH AMENDMENT**.

Even if the Court had concluded that Plaintiff Plaintiff sufficiently pleaded "state action", dismissal of the Second Cause of Action for violation of the Fourteenth Amendment is required.

The Second Amended Complaint does not state a claim for deprivation of equal protection.  There are no allegations that Plaintiff was treated differently than others similarly situated or that Plaintiff was treated differently because of his race or other protected status.

Plaintiff cannot allege a violation of the Fourteenth Amendment's substantive due process clause based on his allegedly unlawful arrest.  "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994)(quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989).

D.  **STATE LAW TORT CLAIMS**.

Dismissal of the Third Cause of Action for false arrest, the Fourth Cause of Action for false imprisonment, and the Fifth Cause of Action for negligence is proper on the ground that statements made to the police are protected by the absolute privilege set forth in California Civil Code § 47(b).

Section 47(b) bars a civil action for damages based on statements made in any judicial proceeding, in any official proceeding authorized by law, or in the initiation or course of any mandate-reviewable proceedings authorized by law.  The litigation privilege provided in Section 47(b)  applies to any communication (1) made in judicial or quasi-judicial proceedings;

10

(2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.  *A.F. Brown Elec. Contractor, Inc. v. Rhino Elec.*, 137 Cal.App.4th 1118, 1126 (2006).  Section 47(b) establishes an absolute privilege for such statements and bars all tort causes of action based on them except a cause of action for malicious prosecution.  *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 360 (2004).  "'Section 47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate regulatory agency, even if the report is made in bad faith.'" *Hagberg, id.* at 365.  "'[A] communication concerning possible wrongdoing, made to an official governmental agency such as a local police department, and which communication is designed to prompt action by that entity is as much a part of an "official proceeding" as a communication made after an official investigation has commenced ... After all, '[t]he policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing.' ... The importance of providing to citizens free and open access to governmental agencies for the reporting of suspected criminal activity outweighs the occasional harm that might befall a defamed individual.  Thus the absolute privilege is essential."'" *Id*. at 364-365.  Section 47(b)'s absolute privilege applies to "communications intended to instigate official investigation into [suspected] wrongdoing."  *Id*. at 369.  Statements made to prompt

11

an official investigation that may result in the initiation of judicial proceedings also fall within the privilege set forth in Section 47(b). *Id*. at 361-36.

Plaintiff's allegations in the Second Amended Complaint admit that Defendant contacted the police to respond to a disturbance at the hotel. Plaintiff's claim of illegal and negligent eviction from the hotel emanates from the report made by Defendant to the police. Therefore, the state law causes of action must be dismissed pursuant to Section 47(b).

Dismissal of this action is with prejudice and without further leave to amend. Plaintiff has been given two opportunities to amend by the Magistrate Judge during her initial review of the pleadings. Plaintiff has filed to file a written opposition to the motion to dismiss and did not appear at the hearing. The Court cannot speculate what facts, if any, Plaintiff could further allege to salvage his action.

## CONCLUSION

For the reasons stated:

1. Defendant's motion to dismiss the Second Amended Complaint is GRANTED WITH PREJUDICE;

2. Counsel for Defendant shall prepare and lodge a form of order setting forth the rulings herein and directing the Clerk of the Court to enter judgment for Defendant within five (5) days following the date of service of this decision.

///

///

IT IS SO ORDERED.

**Dated:   January 14, 2008**                              **/s/ Oliver W. Wanger**
                                                      UNITED STATES DISTRICT JUDGE